IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ORACIUS BRUNSON, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-16-1013 |
| CAROLYN W. COLVIN,<br>Acting Commissioner,<br>Social Security Administration, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

On April 6, 2016, Oracius Brunson ("Plaintiff") petitioned this court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and each parties cross-motions for summary judgment (ECF Nos. 15 and 21), the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED, and the decision of the Social Security Administration is AFFIRMED.

### PROCEDURAL HISTORY

On December 2, 2011, Plaintiff filed a Title XVI application for supplemental security income and a Title II application for a period of disability and disability insurance benefits alleging disability beginning on December 31, 2008. His claim was denied initially and upon reconsideration on April 25, 2012 and January 11, 2013, respectively. Subsequently, on March 5, 2013, Plaintiff filed a written request for a hearing and, on September 4, 2014, a hearing was

1

held before an Administrative Law Judge ("ALJ"). On October 3, 2014, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Social Security Act. *See* ECF No. 10 at 20-39. Thereafter, on December 4, 2014, Plaintiff filed an appeal of the ALJ's disability determination and, on February 5, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision rendered by the ALJ became the final decision of the Commissioner. *See* C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On April 6, 2016, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's final decision.[1] On September 21, 2016, Plaintiff filed a Motion for Summary Judgment. On January 26, 2017, Defendant filed a Motion for Summary Judgment. This matter is now fully briefed and the Court has reviewed Plaintiff's Motion for Summary Judgement and Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). However, the Court does not conduct a de novo review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a de novo review

---

[1] On March 1, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2

of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence."). Therefore, the issue before the reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.").

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d at 653 (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within the meaning of the Social Security Act. The term "disability," for purposes of the Social Security

Act, is defined as the "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Social Security Act, the ALJ, acting on behalf of the Commissioner, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that, "[i]f at any step a finding of disability or non-disability can be made, the [Commissioner] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement

4

of 12 months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c), 416.909.

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. Social Security Ruling (SSR) 96–8p. The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir.1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R.

5

§ 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96–7p. To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.*

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. At steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert,* 482 U.S. 137, 146 (1987); *see also Radford,* 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *See Hancock v. Astrue,* 667 F.3d 470, 472-73 (4th Cir. 2012); *See also Walls v. Barnhart,* 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 31, 2008. ECF No. 10 at 25. At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder, mood disorder, anxiety/panic disorder, and personality disorder. *Id.* The ALJ further found that the aforementioned impairments were expected to last a period of twelve months. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. *Id.* at 26.

At step four, the ALJ determined that Plaintiff had the residual functional capacity to "perform a full range of work at all exertional levels but with the following non-exertional limitations: simple, routine, repetitive tasks; low stress work environment, defined as no strict production quotas; and, occasional interaction with the public, co-workers and supervisors." *Id.* at 28. Based on the resulting RFC, the ALJ then determined that Plaintiff was capable of performing past relevant work as a warehouse worker.[2]

Finally, at step five, the ALJ determined that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 33. Thus, the ALJ concluded that, "[a] finding of 'not disabled' is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines." *Id.*

## DISCUSSION

---

[2] ECF No. 10 at 32 ("[Plaintiff] is capable of performing past relevant work as a warehouse worker (DOT #922.687-058). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).").

7

Plaintiff raises three allegations of error on appeal: (1) that the ALJ's RFC determination failed to account for Plaintiff's moderate limitations in concentration, persistence, or pace; (2) that the ALJ's RFC assessment failed to include a function-by-function analysis of Plaintiff's ability to perform basic work-related activities as required by Social Security Ruling 96-8; and (3) that the ALJ failed to accord controlling weight to the Plaintiff's treating mental health therapist in violation of the treating source rule codified in 20 C.F.R. § 404.1527. Each of Plaintiff's arguments lack merit and are addressed below.

### A. The ALJ properly evaluated Plaintiff's RFC pursuant to SSR 96-8p.

At step three of the sequential evaluation, the ALJ determined that "with regard to concentration, persistence or pace, [Plaintiff] had moderate difficulties." ECF No. 10 at 27. The ALJ explained:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. During a December 2012 psychological consultative examination, he was alert and fully oriented. He knew the name of the last president. He repeated three words right away and recalled two words after five minutes. He spelled world forward and backward. He scored 29 out of 30 on the Mini Mental Status Examination. The claimant also remains able to take public transportation, read, shop, play golf, go to the gym, and participate in a sleep study (Exhibits 6A, 8F, 12F, 18F, page 41, and 23F, pages 9 and 17). This is consistent with no more than moderate difficulties.

*Id.*

Plaintiff first argues that the ALJ's RFC assessment failed to adequately account for Plaintiff's moderate limitation in concentration, persistence, or pace in violation of *Mascio v. Colvin*. ECF No. 15 at 8-9. Defendant counters that the present case is distinguishable from *Mascio*. The Court agrees with Defendant.

In *Mascio* the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task. The latter ability concerns the broad functional area

of concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. Like *Mascio*, the ALJ's RFC determination included a non-exertional restriction to simple, routine, repetitive tasks. ECF No. 10 at 24. However, unlike *Mascio*, the ALJ's RFC assessment in this case also included additional limitations, one of which restricted Plaintiff to "[a] low stress work environment, defined as no strict production quotas[.]" *Id.*

While a limitation to simple, routine, repetitive tasks alone is insufficient under *Mascio*, Courts in this district have uniformly found that additional RFC restrictions limiting a claimant to work with no production quotas adequately accounts for a claimant's moderate limitations in concentration, persistence, and pace. *See, e.g., Mason v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-3362, 2016 WL 225689, at *3 (D. Md. Jan. 19, 2016) (finding no error under *Mascio* where ALJ's RFC assessment included a restriction specifically limiting claimant to "work that does not require the satisfaction of a production pace"); *Chase v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-2961, 2016 WL 199410 at *3 (D. Md. Jan. 15, 2016) (finding no error where ALJ restricted claimant's RFC to "simple, routine, and repetitive tasks, in a 'low stress' job (defined as requiring no more than occasional decision making and no more than occasional changes in the work setting), with *no production rate or paced work* (such as would be done on an assembly line) [.]" (emphasis added); *Shirey v. Comm'r of Soc. Sec. Admin.*, No. SAG-15-261, 2015 WL 7012718, at *2-3 (D. Md. Nov. 10, 2015) (finding no error with RFC limiting claimant to "routine and repetitive tasks in a *work environment free of fast paced production* requirements which is defined as constant activity with work tasks performed sequentially in rapid succession.") (emphasis added); *Rayman v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053 at *3 (D. Md. Nov. 6, 2015) (finding no error where RFC limited claimant to

9

"a low stress environment, such that there are few changes in the work setting and no fast-paced or quota production standards[.]").

Here, the ALJ limited Plaintiff's RFC to "simple, routine, repetitive tasks; *low stress work environment, defined as no strict production quotas*; and, occasional interaction with the public, co-workers and supervisors." ECF No. 10 at 28 (emphasis added). Thus, the ALJ's RFC assessment adequately accounted for Plaintiff's moderate limitation in concentration, persistence, and pace. Accordingly, remand based on *Mascio* is unwarranted in this case.

### B. The ALJ properly evaluated Plaintiff's RFC pursuant to SSR 96-8p.

As the Fourth Circuit observed in *Mascio*, there is not a per se rule requiring a remand when an ALJ fails to perform an explicit function-by-function analysis in accordance with Social Security Ruling 96-8p. *Mascio*, 780 F.3d at 636. However, "remand may be appropriate...where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).

Plaintiff argues that the ALJ "did not offer the required function-by-function assessment in his analysis of the claimant's RFC" requiring remand under *Mascio*. In support of his argument, Plaintiff contends that the ALJ "failed to make any findings regarding the claimant's ability to respond appropriately to usual work situations or deal with changes in a routine work setting." ECF No. 15 at 10. The Court finds that these claims lack merit. A review of the ALJ's decision reveals that the ALJ thoroughly assessed Plaintiff's mental functioning and explicitly addressed the contradictory evidence in the record with regard to Plaintiff's mental abilities.

Social Security Ruling 96–8p explains how adjudicators should assess residual functional capacity. The Ruling instructs that the residual functional capacity "assessment must first

identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996). The listed functions are the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)"; (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting"; and (3) other work-related abilities affected by impairments "such as skin impairment(s), epilepsy, impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945(b)-(d).

Regarding the assessment of a claimant's mental abilities specifically, the Regulations instruct as follows:

> Mental abilities. When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work.

20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c).

A review of the ALJ's decision reveals that the ALJ properly assessed Plaintiff's ability to perform relevant work-related mental functions. For example, the ALJ's assessment repeatedly states that, upon examination, Plaintiff demonstrated normal mental functioning and showed no deficits in attention, concentration, orientation, and memory. *See* ECF No. 10 at 30 ("The claimant's mental health treatment notes generally reflect a normal mental status examination. Deficits in attention, concentration, orientation and memory are not noted."); *Id.* ("Despite her

assertions to the Court, Ms. Groves examined claimant between February and May 2013 and found him to have intact attention, concentration, orientation and memory and to be only 'mildly depressed.' "); *Id.* at 30-31 ("On April 17, 2014, only a month prior to offering his opinion, the claimant's mental status examination, performed by Mr. Stevens was entirely normal."); *Id.* at 31 ("On July 2, 2014, upon examination, Mr. Stevens found that claimant has intact attention, concentration, orientation and memory. He had no perceptual abnormalities. He had no suicidal or homicidal ideations. His thought process was goal directed and his thought content was appropriate."). Additionally, the ALJ stated that "[o]n occasion, [Plaintiff] is noted to have a flat affect, dysthymic mood or psychomotor retardation" and that "[Plaintiff] has experienced occasional, short-lived increases in symptoms" but that those symptoms "generally correspond to non-compliance with medications." *Id.* at 30.

Furthermore, with regard to Plaintiff's various GAF (Global Assessment Functioning) scores, the ALJ gave significant weight to the scores ranging from 60 to 65,[3] noting that Plaintiff's low scores (15 to 25, 40 to 45) "do not represent [Plaintiff's] general functioning" and that "[Plaintiff] experienced a rapid increase of 30 to 35 GAF points once he restart[ed] his anti-depressants." *Id.* at 31. The ALJ further stated that "[Plaintiff] remains able to visit with friends and family members, have a girlfriend, shop, go to the gym, go to a bar, read, write, take public transportation, participate in a sleep study and go boating; activities consistent with no more than moderate mental functioning limitations." *Id.* at 32.

Thus, the ALJ's narrative adequately discussed Plaintiff's ability to perform work-related mental functions and properly addressed the contradictory evidence in the record. Therefore, Plaintiff's second allegation of error fails.

---

[3] *Id.* at 31 ("GAF scores ranging from 60-65 are given significant weight, as they are consistent with the contemporaneous mental status examinations, which are mostly normal.")

## C. The ALJ Properly Evaluated the Opinion of Plaintiff's Treating Therapist.

Plaintiff argues that the ALJ, in determining Plaintiff's RFC, erroneously discredited the opinion of Plaintiff's treating mental health therapist, Matthew Stevens, LGSW (Licensed Graduate Social Worker). Plaintiff contends that, under the treating physician rule, the ALJ should have afforded controlling weight to Mr. Stevens' opinion.

Section 404.1527 of the regulations governs an ALJ's consideration of the medical opinion given by a treating source. *See* 20 C.F.R. § 404.1527(d). That regulation defines "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the] impairment(s), including ... what [the claimant] can still do despite impairment(s)...." 20 C.F.R. § 404.1527(a)(2).

Under the treating physician rule, an ALJ must generally give more weight to a treating physician's opinion. *See* 20 C.F.R. § 404.1527(c)(2). However, where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence it should be afforded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (superseded by statute on other grounds). In such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

If a treating source's opinion is not given controlling weight, the ALJ must consider the following factors in deciding the appropriate weight to give the treating physician's opinion: (1) length and frequency of treatment relationship; (2) nature and extent of treatment; (3) supportability, consistency, specialization, and (4) any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1-6). An ALJ need not apply these factors in a

mechanical fashion, so long as the ALJ articulates the reasoning behind the weight accorded to the opinion. *Carter v. Astrue*, 2011 WL 3273060, at 6 (D. Md. July 27, 2011). In addition, the ALJ's "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5; *see also* 20 C.F.R. § 404.1527(c)(2).

The regulations further explain that "acceptable medical sources" are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *See* 20 C.F.R. § 404.1513(a)(1)-(5). Mr. Stevens is a Licensed Graduate Social Worker and thus is not an acceptable medical source pursuant to 20 C.F.R. § 404.1513 and § 416.913. *See also* SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Nonetheless, the Social Security Commission has recognized, as evidenced by Social Security Ruling 06–03p, that "other sources", such as physician assistants, nurse practitioners, and licensed clinical social workers, could also provide significant insight into the severity of an individual's impairment(s) and functional abilities. SSR 06-03p, 2006 WL 2329939, at *5; *see also* 20 C.F.R. § 404.1513(d)(1). Thus, SSR 06–03p clarifies that the factors used to determine the weight to be accorded the opinions of physicians and psychologists ("acceptable medical sources") not given controlling weight also apply to the opinions of providers who are deemed to be at a different professional level ("other sources"), including but not limited to licensed clinical social workers and mental health therapists. *See* SSR 06-03p, 2006 WL 2329939, at *2, 4; *see also* 20 C.F.R. § 404.1513(d)(1). An ALJ, therefore, must explain the weight given to the opinions of these "other sources" and must provide the reasoning behind the weight given, as he would with opinions

from physicians and psychologists. *See* SSR 06-03p, 2006 WL 2329939, at *6 ("[The ALJ] generally should explain the weight given to opinions from these 'other sources' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.").

Here, the ALJ's reasoning for assigning minimal weight to the opinion of Mr. Stevens is clear. With regard to the opinion of Mr. Stevens, the ALJ stated as follows;

> On May 21, 2014, another treating therapist, Matthew Stevens, LGSW, wrote a letter on the claimant's behalf, opining that he is unable to maintain employment at this time. The opinion is given minimal weight, as it is not consistent with the entirety of the evidence, including the mental status examinations performed by Mr. Stevens. On April 17, 2014, only a month prior to offering his opinion, the claimant's mental status examination, performed by Mr. Stevens was entirely normal. Furthermore, the claimant's reported activities during that examination are inconsistent with an inability to work. He had paid all of his fines in order to get his driver's license back. He went to the IRS building to identify what he needed to do to be in good standing. He went to a mediation with his wife to discuss increased visitation with his children. He reported going to the gym. All of these activities are inconsistent with the disability alleged by Mr. Stevens. Finally, the undersigned notes that Mr. Stevens is not an acceptable medical source.
>
> On July 30, 2014, Mr. Stevens completed a Medical Assessment of Ability to do Work-Related Activities (Psychological). Mr. Stevens opined that the claimant has poor to no ability in the following: deal with public; deal with work stress; function independently; understand, remember and carry out complex and/or detailed job instructions; and, demonstrate reliability. Mr. Stevens further opined that the claimant has a fair ability in the following: relate to co-workers; use judgment with the public; interact with supervisors; maintain attention/concentration; understand, remember and carry out simple job instructions; maintain personal appearance, behave in an emotionally stable manner; and, relate predictably in social situations. Mr. Stevens additionally opined that the claimant would likely miss four or more days of work per month. This opinion is given minimal weight, as it is inconsistent with Mr. Stevens' contemporaneous treatment records. On July 2, 2014, upon examination, Mr. Stevens found that claimant has intact attention, concentration, orientation and memory. He had no perceptual abnormalities. He had no suicidal or homicidal ideations. His thought process was goal directed and his thought content was appropriate. Furthermore, during this examination, the claimant reported that he

made a list of volunteer opportunities he found interesting and he was going to contact the appropriate individuals to learn more about these opportunities.

ECF No. 10 at 30-31. Thus, the ALJ explicitly discussed the findings and conclusions of Mr. Stevens and clearly articulated the reasons for giving that opinion minimal weight. Moreover, the ALJ's reasoning was properly supported by substantial evidence in the record. Therefore, Plaintiff's third and final allegation of error fails.

### CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Social Security Act. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is DIRECTED to close this case.

Date: 4 May 2017

A. David Copperthite
United States Magistrate Judge